UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JOHN M. TRACY, individually; and 3J OIL MEDICS, LLC, d/b/a 3J Towing,<br><br>Plaintiffs,<br><br>vs.<br><br>BUTTE COUNTY, SOUTH DAKOTA, SHERIFF FREDERICK A. LAMPHERE, individually and in his official capacity; CHIEF DEPUTY JASON MARCH, individually and in his official capacity; STATE'S ATTORNEY LEELLEN MCCARTNEY, individually and in her official capacity; COUNTY COMMISSIONER JAMES AGER, in his official capacity; COUNTY COMMISSIONER FRANK WALTON, in his official capacity; COUNTY COMMISSIONER CHAD ERK, in his official capacity; COUNTY COMMISSIONER STAN HARMS, in his official capacity; COUNTY COMMISSIONER KAROL HERMAN, in her official capacity; COUNTY AUDITOR ANNIE CAPP, in her official capacity; CITY OF BELLE FOURCHE, CHIEF OF POLICE RYAN CHERVANY, individually and in his official capacity; BELLE FOURCHE POLICE DEPARTMENT, SOUTH DAKOTA HIGHWAY PATROL, CAPTAIN ZAC BADER, individually and in his official capacity; PLAINS TOWING AND RECOVERY, and MAYOR | 5:26-CV-05041-KES<br><br>ORDER DENYING ZAC BADER AND SOUTH DAKOTA HIGHWAY PATROL'S MOTION TO DISMISS AS MOOT, GRANTING REMAINING DEFENDANTS' MOTIONS TO DISMISS, GRANTING PLAINTIFF'S MOTION OF VOLUNTARY DISMISSAL, DENYING PLAINTIFF'S MOTION FOR PRESERVATION OF EVIDENCE AND NOTICE OF CONFLICT OF INTEREST AS MOOT, DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER AS MOOT, DISMISSING THE COMPLAINT WITHOUT PREJUDICE, AND DENYING PLAINTIFF'S MOTION TO AMEND |

| | |
|---|---|
| RANDY SCHMIDT, in his official capacity;<br><br>Defendants. | |

Plaintiffs, John M. Tracy and 3J Oil Medics, LLC, d/b/a 3J Towing, filed a complaint alleging civil rights violations under 42 U.S.C. § 1983 against Butte County; Butte County Sheriff Frederick A. Lamphere; Butte County Chief Deputy Jason March; Butte County State's Attorney LeEllen McCartney; Butte County Commissioners James Ager, Frank Walton, Chad Erk, Stan Harms, and Karol Herman; Butte County Auditor Annie Capp; City of Belle Fourche; Belle Fourche Police Chief Ryan Chervany; Belle Fourche Mayor Randy Schmidt; the Belle Fourche Police Department; the South Dakota Highway Patrol; Captain Zac Bader; and Plains Towing and Recovery. Docket 1. Tracy has voluntarily dismissed claims against the South Dakota Highway Patrol; Captain Zac Bader, in his individual and official capacity; the City of Belle Fourche; and Mayor Randy Schmidt, in his individual and official capacity. Docket 30. Each remaining defendant moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Docket 17; Docket 21. For the reasons set forth below, the court grants defendants' motions to dismiss.[1]

[1] Because the court grants defendants' motions to dismiss, the motion to preserve evidence (Docket 6) is moot. Plaintiff's concerns about the conflict of interest of counsel for Plains Towing and Recovery are mooted by the notice of withdrawal and substitution of counsel. Docket 33. Also, Tracy has voluntarily dismissed the claims against Zac Bader and the South Dakota Highway Patrol rendering these defendants' motion to dismiss moot. Docket 14.

## FACTUAL BACKGROUND

The court considers the following allegations taken from the complaint as true for the purpose of ruling on defendants' motions to dismiss.

John M. Tracy and 3J Towing operate a towing and recovery business serving law enforcement agencies in South Dakota. Docket 1¶ 19. Tracy "had an established course of dealing" with the state defendants and expected to continue participating in towing rotations. *Id.* ¶ 20. Defendants attempted to serve a court order and served a newly hired employee of 3J Towing, but Tracy never received notice. *Id.* ¶¶ 21, 23. The state court ordered 3J Towing to return personal property to Brandi Harper. Docket 6-1 at 1.[2] Harper then filed a motion in state court for an order to show cause as to why 3J Towing should not be held in contempt for not returning Harper's personal property in violation of the court order. *Id.* at 4. After Harper's motion, 3J Towing was removed from the towing rotation. Docket 1 ¶ 26. Plaintiff claims it was excluded and treated unequally when defendants removed 3J Towing and replaced it with a preferred provider, Plains Towing and Recovery. *Id.* ¶¶ 34-38.

On November 7 and November 21, 2023, State's Attorney LeEllen McCartney made statements at public county commission meetings falsely attributing a criminal case to plaintiff and his towing company. *Id.* ¶¶ 27-29.

---

[2] The court incorporates plaintiff's attachment to its motion for preservation of evidence because it is necessarily embraced by the references to a court order in the complaint and because it is a matter of public record. *See Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012); *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015)

As a result of the false statements and removal from the towing rotation, plaintiff alleges a profit loss of approximately $150,000-$200,000 per year, reputational damage, and other business losses. *Id.* ¶¶ 33, 51. Plaintiff alleges five claims in the complaint: 1) violation of Fourteenth Amendment procedural due process rights, 2) stigma-plus defamation, 3) *Monell* liability, 4) civil conspiracy, and 5) an equal protection violation. *Id.* ¶¶ 39-50. Tracy has also filed a motion for an emergency preliminary injunction and temporary restraining order against Plains Towing and Recovery. Docket 39.

**LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the complaint. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff has pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cox v. Mortg. Elec. Registration Sys., Inc.*, 685 F.3d 663, 668 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678) (citation modified). The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014).

"Though matters outside the pleadings may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (internal quotation marks omitted). The court may review "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading[,]" without converting a motion to dismiss into one for summary judgment. *Ryan v. Ryan*, 889 F.3d 499, 505 (8th Cir. 2018) (quoting *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012). In this case, the court considers the court order referred to in the complaint because it is a matter of public record and its contents are essential to the claims in the complaint. *See Greenman*, 787 F.3d at 887; Docket 1 ¶¶ 21-25.

Although courts must liberally construe a pro se plaintiff's complaint, the plaintiff "still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). A court "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Waters v. Madson*, 921 F.3d 725, 734 (8th Cir. 2019).

## ANALYSIS

To state an actionable § 1983 claim, a plaintiff must allege facts that, if proven true, would establish that the defendants violated the plaintiff's federal constitutional rights while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A § 1983 plaintiff must plead facts showing each defendants' personal involvement with or responsibility for the violations, that

is, what each particular defendant allegedly did, or failed to do. *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999). Municipalities and their employees can be sued under § 1983 in both their individual and official capacities. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). The court will first analyze Tracy's pro se representation of 3J Towing, then Tracy's alleged constitutional violations, followed by the remaining substantive claims.

## I. 3J Towing's Claims

Tracy may not represent 3J Towing pro se because limited liability companies (LLCs) must be represented by counsel in federal court. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993); *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996); *First Choice Enters., Inc. v. Town-Link LLC*, 4:23-CV-04102-RAL, 2026 WL 1256584, at *3 (D.S.D. May 6, 2026) (extending this principle to LLCs). A non-lawyer representing an LLC's interests "constitutes the unauthorized practice of law and results in a nullity." *Supreme Pro Clean LLC v. Lowry*, 16-CV-5117-JLV, 2017 WL 3209450, at *2 (D.S.D. Feb. 14, 2017) (quoting *Crump-Donahue v. U.S. Dep't of Agric.*, 2007 WL 1702567, at *1 (E.D. Ark. June 11, 2007)).

As a result, the court will consider Tracy's complaint as filed on his behalf alone and dismisses without prejudice all of 3J Towing's claims against defendants because they are improperly pleaded pro se. *See United States v. Harvey*, 13-CV-4023-KES, 2013 WL 5604307, at *2 (D.S.D. Oct. 11, 2013)

(striking defendant's motion to dismiss filed pro se on behalf of a corporation and considering the motion as filed solely on the individual's behalf).

## II. Equal Protection Claim

Construing the complaint as only on behalf of Tracy, his claims against Sheriff Lamphere, Chief Deputy March, and Chief of Police Chervany all stem from 3J Towing's removal from the towing rotation. These claims allege a violation of equal protection under the Fourteenth Amendment asserted under § 1983. Docket 1 ¶¶ 39-41, 49-50.

Tracy alleges Lamphere, March, and Chervany all "acted under color of state law." *Id.* ¶¶ 7-8, 13. The complaint claims March "participated in the improper service" of the court order given to 3J Towing's newly hired employee that Lamphere relied on to remove plaintiff from the towing rotation. *Id.* ¶¶ 24-26. Chervany is not individually mentioned in any other section of the complaint apart from the allegation that he acted under color of state law. *See generally* Docket 1. Rather, plaintiff included Chervany under the umbrella of "defendants" throughout the complaint. *Id.*

The Equal Protection clause provides, "No State shall . . . deny to any persons within its jurisdiction the equal protection of laws." U.S. Const.. amend. XIV, § 1. Unless there is an element of intentional or purposeful discrimination present, unequal treatment of those entitled to be treated alike is not a denial of equal protection. *Batra v. Bd. of Regents of Univ. of Neb.*, 79 F.3d 717, 721 (8th Cir. 1996). "The burden of proof is upon the complaining party." *Sunday Lake Iron Co. v. Wakefield Tp.*, 247 U.S. 350, 353 (1918).

"[O]pprobrious epithets" like "willful" and "malicious" are not enough to show purposeful discrimination. *Snowden v. Hughes*, 321 U.S. 1, 10 (1944) (internal quotation marks omitted).

When the plaintiff does not allege membership in a class or group but instead that the plaintiff "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment[,]" the Supreme Court recognizes this as a "class of one" equal protection claim. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam); *see Robbins v. Becker*, 794 F.3d 988, 995 (8th Cir. 2015). If the alleged state action involves discretionary decision-making based on subjective, individualized assessments, the rule that people should be "treated alike, under like circumstances and conditions[]" is not violated when one person is treated differently from others, because this different treatment is an accepted consequence of the discretion granted. *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 602 (2008). "To be similarly situated for purposes of a class-of-one equal-protection claim, the persons alleged to have been treated more favorably must be identical or directly comparable to the plaintiff in all material respects." *Robbins*, 794 F.3d at 996 (quoting *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010).

In *Robbins*, the plaintiffs alleged the officers violated their equal protection rights by treating them "differently than multiple other towing and wrecker services." *Id.* at 995. The Eighth Circuit dismissed the equal protection claim without determining whether prior cases precluded the plaintiffs' class-

of-one claim based on the degree of discretion involved in an officer's decision to call a certain towing company. *Id.* at 996. The court there found that the Robbinses had not pleaded with sufficient specificity to show intentional and arbitrary discrimination. *Id.* The Robbinses only complained that officers "treated them unfairly" without any supporting details so the court disposed of the claim on this issue alone. *Id.*

Similarly, Tracy claims his towing company "[was] intentionally treated differently than other towing providers" and "[t]here was no rational basis for the disparity." Docket 1 ¶¶ 49-50. The complaint characterizes defendants' actions as "willful[] and malicious[]" without stating how defendants provided preferential treatment to Plains Towing and Recovery or specifying the disparity in treatment. *Id.* ¶ 52. The court will not analyze whether the officers possessed sufficient discretion to preclude the application of the class-of-one theory because Tracy did not allege and prove facts establishing other companies, "directly comparable to [3J Towing] in all material respects[,]" were treated more favorably. *Robbins*, 794 F.3d at 996 (quoting *Reget*, 595 F.3d at 695). "[S]aying the magic words is not enough" to survive a motion to dismiss. *Robbins*, 794 F.3d at 996 (quoting *Charleston v. Bd. of Trs. of Univ. of Ill. at Chi.*, 741 F.3d 769, 775 (7th Cir. 2013)). Also, the complaint does not provide the court with a sufficient factual basis to find purposeful discrimination. Thus, Tracy does not state a viable equal protection claim to form the foundation of his § 1983 claim.

## III. Procedural Due Process Claim

As a separate basis for a § 1983 claim, Tracy alleges defendants violated his procedural due process rights by removing 3J Towing from the towing rotation. Docket 1 ¶¶ 39-41.

The Due Process Clause of the Fourteenth Amendment guarantees that no state shall "deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1. To adequately plead a procedural due process violation as the basis for a § 1983 claim, plaintiffs must allege a "legitimate claim of entitlement" in a property interest. *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). Property interests are created by "existing rules or understandings that stem from an independent source such as state law." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756 (2005) (citations omitted). Discretionary policies "do not bestow upon individuals protected property interests." *Beggs v. Gilkey*, 178 F. App'x 593, 595 (8th Cir. 2006) (per curiam). If the court finds a protected interest, only then will it examine the due process required to deprive the plaintiff of the protected interest. *Forrester v. Bass*, 397 F.3d 1047, 1054 (8th Cir. 2005).

First, Tracy states 3J Towing's placement in the towing rotation was a protected property interest. Docket 1 ¶¶ 26, 39. By removing it from the rotation, defendants allegedly "deprived" Tracy of both his property and liberty

interests "without notice or hearing."[3] *Id.* ¶¶ 39-40. Plaintiff cites no case law to support these bare allegations.

The Eighth Circuit has found that a dispatcher's decision to include a name on a list of towing companies "does not give [a company] a property interest in obtaining any particular work[.]" *Habhab v. Hon*, 536 F.3d 963, 968 (8th Cir. 2008). Like the towing company in *Habhab*, Tracy does not have a property interest in his company remaining on the rotation list.

The court in *Habhab* also found that the plaintiff had not been deprived of any liberty interest. *Id.* Because the Constitution only protects the liberty to choose a profession free from governmental interference, any state action that excludes a person from one specific job is not actionable. *Id.* Like Habhab, who could pursue his towing business regardless of the state troopers' alleged interference, Tracy is still able to operate 3J Towing as a towing business despite any state action removing him from the towing rotation. *Id.* at 966, 968. Thus, Tracy does not have a protected property or liberty interest in continued participation in the towing rotation. *See also Beggs*, 178 F. App'x at 595 (finding that plaintiff had no protected property interest in receiving work from the county when placed on a rotating towing services list). The court need not address what, if any, procedural process was due and finds no constitutional

---

[3] Plaintiff claims defendants removed him from the towing rotation in part based on the improperly served court order. Docket 1 ¶¶ 21-26. Whether or not plaintiffs were improperly served or defendants based their decision on the court order is irrelevant to plaintiff's alleged property and liberty interests under the due process analysis.

violation of plaintiff's due process rights. *See Forrester*, 397 F.3d at 1057; *Habhab*, 536 F.3d at 968.

Regarding the alleged liberty interest, the Fourteenth Amendment protects "the liberty to pursue a particular calling or occupation" but "not the right to a specific job[.]" *Habhab*, 536 F.3d at 968 (citations omitted). As in *Robbins*, where the individual officers' alleged conduct may have interfered with the Robbinses' ability to perform certain towing jobs but did not deprive them of the right to make a living through their chosen occupation, Chervany, March, and Lamphere, may have restricted Tracy's abilities to perform towing jobs arising from the rotation list but these three defendants did not deprive plaintiff of his right to make a living operating a towing company. Because Tracy has no protected property or liberty interest, the due process claim fails.

**IV. Civil Conspiracy**

Tracy alleges defendants "agreed to remove" 3J Towing and "harm" its business in furtherance of a civil conspiracy. Docket 1 ¶¶ 47-48.

"A § 1983 conspiracy claim requires a claimant to show: '(1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff.' " *Ryno v. City of Waynesville*, 58 F.4th 995, 1006 (8th Cir. 2023) (quoting *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008)). A plaintiff's failure to establish his due process and equal protection claims is fatal to the conspiracy claim. *Robbins*, 794 F.3d at 997. Without a constitutional violation, "there is no

actionable conspiracy claim." *Cook v. Tadros*, 312 F.3d 386, 388 (8th Cir. 2002). Further, a conclusory allegation that defendants "coordinated with one another" is insufficient to establish the defendants reached an agreement. *Wolk v. City of Brooklyn Ctr.*, 107 F.4th 854, 860 (8th Cir. 2024).

Tracy's conclusions that defendants "agreed to remove" them "and harm [his] business" are insufficient to establish an agreement between defendants. Docket 1 ¶ 47. Without more evidence of a meeting of the minds, these conclusory allegations of an agreement to harm fail to allege an actionable conspiracy claim. Because neither a constitutional violation nor conspiracy are plausibly alleged, the civil conspiracy claim is dismissed.

**V. Qualified Immunity**

Defendants who were sued in their individual capacities, Sheriff Lamphere, Chief Deputy March, State's Attorney McCartney, and Police Chief Chervany, argue they are protected from suit and entitled to qualified immunity. Docket 18 at 20.

"Qualified immunity shields a government official from liability unless his conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Burns v. Eaton*, 752 F.3d 1136, 1139 (8th Cir. 2014) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The court applies a two-factor approach: 1) whether the plaintiff has pleaded a violation of a constitutional right, and 2) whether the constitutional right was "clearly established" at the time of the government official's act. *Saucier v. Katz,* 533 U.S. 194, 201 (2001), *overruled in part on other grounds by Pearson v.*

*Callahan*, 555 U.S. 223, 236 (2009). The court may consider either inquiry first but, "[u]nless the answer to both of these questions is yes, the defendants are entitled to qualified immunity." *Krout v. Goemmer*, 583 F.3d 557, 564 (8th Cir. 2009). "[C]ourts can begin (and perhaps end) with either step." *Riis v. Shaver*, 458 F. Supp. 3d 1130, 1163 (D.S.D. 2020). This qualified-immunity standard "protects all but the plainly incompetent or those who knowingly violate the law." *Greenman*, 787 F.3d at 888 (citation modified).

The court begins and ends with the first inquiry. *See id.* at 887-90 (addressing only prong two of the analysis and finding defendants were entitled to qualified immunity). As found above, the alleged conduct does not amount to a violation of equal protection or due process rights provided by the Fourteenth Amendment. Nor has plaintiff provided a factual basis to infer each defendants' personal involvement in, or direct responsibility for, the constitutional violations. *See Jones v. City of St. Louis*, 104 F.4th 1043, 1049 (8th Cir. 2024). Because plaintiff does not plead a viable constitutional violation, defendants, in their individual capacities, are immune from suit.

## VI. Official Capacity Suits

### A. Belle Fourche Police Department

Tracy alleges constitutional violations against the Belle Fourche Police Department because it is an "agen[t] of the City."[4] Docket 1 ¶ 15. The Eighth

[4] The Belle Fourche Police Department is not individually identified under any of the substantive claims in the complaint. *See generally* Docket 1. But the court looks to plaintiff's characterization of the Belle Fourche Police

Circuit has held that police departments are not legal entities subject to suit. *See Harrigan v. Osage Beach Police Dep't*, 2024 WL 1928640, at *1 (8th Cir. May 2, 2024) (per curiam); *Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (police departments "are not juridical entities suable as such."). So the claims against the Belle Fourche City Police Department are dismissed.

**B. *Monell* Claims**

Tracy names Butte County as a defendant, along with numerous county employees in their official capacity including Sheriff Lamphere, Chief Deputy March, State's Attorney McCartney, County Auditor Capp, and County Commissioners Ager, Walton, Erk, Harms, and Herman. Docket 1. Also, Tracy names the City of Belle Fourche Chief of Police, Chief Chervany. *Id.* ¶ 13.

"A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Thus, Tracy's claims against Butte County's employees will be treated as claims against the county itself. Similarly, Tracy's claim against the City of Belle Fourche Chief of Police is, in effect, a claim against the City of Belle Fourche.

---

Department as an "agen[t]" of Belle Fourche and infers that plaintiff intended to allege *Monell* liability against the police department as an entity. *Id.* ¶¶ 15, 46.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694. In an official capacity suit claiming *Monell* liability, the plaintiff must demonstrate that a "policy or custom" of the governmental entity, of which the official was an agent, motivated the alleged constitutional violation. *Id.*

Tracy alleges that the City of Belle Fourche and Butte County violated his constitutional rights through "policies, customs, or decisions of [these] final policymakers." Docket 1 ¶ 45. But Tracy does not plead a specific policy or custom that caused the named defendants to commit a constitutional violation. *See generally id.* In his response to defendants' motions to dismiss, Tracy requests the court to permit discovery to develop "details of any coordination[,] policymaking[,] or communications." Docket 28 at 4. But "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

Also, Tracy failed to state a cognizable constitutional violation so there is no basis for *Monell* liability. *See Brabbit as Trustee for Bild v. Capra*, 59 F.4th 349, 354 (8th Cir. 2023) (per curiam) (holding same). Thus, the *Monell* claims against Butte County and the City of Belle Fourche are dismissed.

## VII. Plains Towing and Recovery

In connection with its equal protection and conspiracy claims, plaintiff names Plains Towing and Recovery as the towing company that received "preferential treatment" over 3J Towing. Docket 1 ¶¶ 18, 34.

Under § 1983, the requirement that a person act "under the color of state law" is the same as the "state action" requirement under the Fourteenth Amendment. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982). A private party is considered a state actor if the alleged deprivation "was 'caused by the exercise of some right or privilege created by the [s]tate or by a rule of conduct imposed by the state or by a person for whom the [s]tate is responsible.' " *Sabri v. Whittier Alliance*, 833 F.3d 995, 1000 (8th Cir. 2016) (quoting *Lugar*, 457 U.S. at 942) (alterations in original). At the very least, at the motion to dismiss stage, a plaintiff must allege "that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor[]" to hold a private party liable under § 1983. *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993). A corporation will be held liable under § 1983 if it "has an unconstitutional policy or custom, or an individual representing the company has taken actions which inflict injuries redressable by section 1983." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007).

Plaintiff claims Plains Towing and Recovery "acted jointly with state actors." Docket 1 ¶ 18. *Smith* supports the plaintiff's characterization of a towing company on a monthly rotation as a state actor. 499 F.3d at 880. In *Smith*, Insley's was a private towing corporation that participated in a monthly rotation with the sheriff's office to tow and store impounded vehicles. *Id.* at 878. The Eighth Circuit found Insley's was a state actor when it towed and stored the plaintiff's truck "at the behest of the sheriff's office as part of an official criminal investigation[]" because it relied upon governmental benefits

while towing and it performed "the traditional governmental function of seizing and securing property" during an investigation. *Id.* at 880. Similarly, Plains Towing and Recovery provided services when law enforcement requested, according to the rotation list. This is enough to act "under the color of state law" in towing and storing vehicles for the benefit of the officers. *Id.* (finding that Insley's was "acting under color of state law in towing, storing, and selling [plaintiff's] vehicle[]").

Then, the next inquiry is whether Plains Towing and Recovery's actions of providing towing services for law enforcement amounts to an unconstitutional policy, custom, or action. *Id.* at 880-81. First, Tracy's claims fail because no specific unconstitutional policy, custom, or action is alleged to originate from Plains Towing and Recovery. *See generally* Docket 1. Second, as analyzed under plaintiff's due process claims, no defendant deprived Tracy of a protected liberty or property interest actionable under § 1983.

Also, alleged joint action alone, *id.* ¶ 18, does not constitute a civil conspiracy, as discussed in Part III. "Under § 1983, a plaintiff must establish not only that a private actor caused a deprivation of constitutional rights, but that the private actor willfully participated with state officials and reached a mutual understanding concerning the unlawful objective of a conspiracy." *Dossett v. First State Bank*, 399 F.3d 940, 951 (8th Cir. 2005). The complaint's bare conclusions include few facts supporting a finding of mutual understanding between defendants nor an agreed upon unlawful objective. Thus, all claims against Plains Towing and Recovery are dismissed.

**VIII. Stigma-Plus Defamation**

Tracy names State's Attorney LeEllen McCartney, in her individual capacity, as a defendant. Docket 1 at 1. In his stigma-plus defamation claim, plaintiff refers to "[d]efendants" but only names McCartney individually in the factual basis provided. *Id.* ¶¶ 27-32, 42-44. Because no other defendant is identified as having made allegedly defamatory statements, the court construes this claim as involving only McCartney.

Tracy alleges McCartney "publicly stated that Plaintiffs had criminal charges pending" at public county commission meetings on November 7 and November 21, 2023. *Id.* ¶¶ 27-28. These statements included falsely attributing a criminal case involving Brandi Harper to Tracy and 3J Towing. *Id.* ¶ 29.

No federal claims survive defendants' motion to dismiss to give rise to supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). Tracy has not pleaded diversity jurisdiction and has not stated a viable claim within this court's original jurisdiction. Docket 1 at 1; *see Mountain Home Flight Serv., Inc. v. Baxter Cnty., Ark.*, 758 F.3d 1038, 1046 (8th Cir. 2014) (deciding that the district court acted within its discretion to decline supplemental jurisdiction after dismissing § 1983 claims). The court will not exercise supplemental jurisdiction over the state-law defamation claim, and it is dismissed without prejudice.

## IX. Motion for Leave to Amend

Tracy moves for leave to amend in his response to defendants' motion to dismiss. Docket 24; Docket 29.[5] Federal Rule of Civil Procedure 15(a) gives the trial court discretion to allow a party to amend and it should be "freely given when justice so requires." *See Foman v. Davis*, 371 U.S. 178, 182 (1962). But if amendments would be futile, a court may deny a motion to amend. *See, e.g., Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 714 (8th Cir. 2008). None of plaintiff's filings requesting leave to amend include a proposed amended complaint as required by D.S.D. Civ. LR 15.1. ("[A]ny party moving to amend or supplement a pleading must attach a copy of the proposed amended pleading to its motion to amend with the proposed changes highlighted or underlined[.]"). *See* Docket 24; Docket 29; Docket 40. Also, the Eighth Circuit has found Rule 7(b)'s particularity requirement "is met by submitting a proposed amendment with the motion for leave to amend the complaint." *Wolgin v. Simon*, 722 F.2d 389, 394 (8th Cir. 1983); *see also Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) ("[A] party must submit the proposed amendment along with its motion."). Tracy has not filed a proposed amended complaint.

In his request, Tracy indicates his proposed amendments will provide specific factual support for his claims including "conduct, speakers, dates,

[5] Tracy mentions his request to amend in his response to defendants' motions to dismiss. Docket 24. But the court construes Tracy's "Request Regarding Pending Motion for Leave to Amend," as a motion to amend the complaint. Docket 29.

comparators, and resulting changes in governmental treatment[,]" Docket 40 at 2, and "final decisions and policy statements[.] *Id.* at 4. Instead of stating the particular policies, conduct, and statements that are at the core of his claims, Tracy again alleges conclusions about the adequacy of potential future amendments. *See* Docket 40. He claims "[t]he amended pleading will supply concrete facts rather than request discovery to create a claim[,]" "[t]he proposed amendment will clarify the individual equal-protection theory[,]" and "[t]he amended pleading will identify the comparator, the relevant similarities . . . and facts supporting intentional treatment." *Id.* at 2-3. In his requests to amend, Tracy has had multiple opportunities to supply the court with his proposed amendments containing the facts, records, and statements he references but has failed to do so. Also, Tracy noted his amended complaint will "allege which official or governing body allegedly adopted, ratified, or enforced" final decisions and policies. *Id.* at 4. Because Tracy implies that he has not identified which parties are responsible for the alleged conduct depriving him of his constitutional rights, the court will not give leave to essentially start this lawsuit anew.

An amendment is futile if "the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (quoting *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008)). Even with additional factual support in a proposed amendment, Tracy cannot plead a

constitutional right to remain on a towing rotation based on Eighth Circuit precedent. Without a constitutional claim, there can be no constitutional violation to form the basis for a § 1983 claim. "Absent some indication as to what [facts] might be added" to make a complaint viable, a party is "not entitled to leave to amend." *Wolgin*, 722 F.2d at 395. Thus, the motion for leave to amend is denied. Because these claims are dismissed without prejudice, the court instructs 3J Towing to retain counsel if it decides to file a complaint on its own behalf.

**X. Motion for Preliminary Injunction and Temporary Restraining Order**

Tracy filed a motion for an emergency preliminary injunction and temporary restraining order against Plains Towing and Recovery. Docket 39. He requests the court to enjoin Jake Hatzenbiler, acting "to benefit . . . Plains Towing and Recovery[,]" from evicting 3J Towing from its leased impound lot. *Id.* at 2. But because Tracy's complaint is dismissed, Plains Towing and Recovery is no longer a party to this lawsuit. Thus, the motion for preliminary injunction against Plains Towing and Recovery, a dismissed party, is denied as moot. *See Forman v. City of Brookings*, 4:25-CV-04010-ECS, 2025 WL 2774062, at *22 (D.S.D. Sept. 29, 2025) (holding same).

**CONCLUSION**

Thus, it is ORDERED:

1. That Tracy's motion of voluntary dismissal (Docket 30) is granted.
2. That Zac Bader and South Dakota Highway Patrol's motion to dismiss (Docket 14) is denied as moot.

3. That Butte County, et al.'s, motion to dismiss (Docket 17) is granted.
4. That Plains Towing and Recovery's motion to dismiss (Docket 21) is granted.
5. That Tracy's motion for preservation of evidence (Docket 6) is denied as moot.
6. That Tracy's motion for leave to amend (Docket 29) is denied.
7. That Tracy's motion for emergency preliminary injunction and emergency temporary restraining order (Docket 39) is denied as moot.
8. That the complaint (Docket 1) is dismissed without prejudice.

Dated October 13, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE